Good morning. May it please the court. I'm Lisa Rasmussen on behalf of Christopher Wood, and I'd like to reserve two minutes for rebuttal if I may. Okay, just keep your eye on the clock. Okay, thank you. I got in this case the kind of letter I get often from inmates in custody saying, here's my case, can you help? And I started looking at it and thought, in fact, there had been an error entered by the United States District Court with regard to the federal petition in terms of the initial dismissal because it was untimely. And when I did the computations, I realized that, in fact, she had just erred in dismissing the petition. And so on his behalf, I wrote him back and said that I would ask the court to revisit the order. And I asked that counsel be appointed, and I was appointed, and that's kind of how I got to this fiasco. In the process of doing that, I asked, of course, and the state agreed that they would file the court order, I think, that the state would file the record in the case. And we didn't have appellate counsel to get a record from because there wasn't any. We didn't have prior post-conviction state habeas counsel. There wasn't any. So we had very little. We had what Mr. Wood had, if that. And the court ordered and the state agreed that it would produce the record. Well, the process then of producing these underlying convictions that formed the basis for the substantial enhancement on his sentence, to which he had no notice, was, again, another chaotic undertaking with the state saying they don't have it and leading to us filing or requesting an order to show cause. And ultimately, the district court, after switching judges, ordering the state to produce those underlying conviction documents. As soon as those were produced in December of 2012, we filed the amended petition because we were in a position to do so. And that was filed on January 7, 2013. And I find it odd that the state, who had never previously made really any argument as to timeliness, is now arguing on appeal that somehow he waived his arguments or his arguments were untimely with regard to argument 3E. And he can't raise them now. And maybe I'm not understanding where the state is coming from, but I think the district court erred when she went into a different time computation. And then we have the—nobody really addressed the underlying issue of no notice. And that's been an issue that he perfected throughout. I think it was perfected absent the fact that he— I did. Right? What is it that you're seeking to accomplish here? Because you apparently don't want him resentenced. Well, I think that he—I'm not sure that's— What are you trying to accomplish? I think that— I mean, if you were to prevail, you know, in the best of all worlds, you were to prevail here, get some relief, you go back to the state court. What is it that you're seeking on his behalf? That's a good question. And I think prevail means that you can't add a habitual offender, the small version of it, without notice to him, prior notice to him. That's what he agreed to in the plea agreement, right? He agreed in the plea agreement. The plea agreement states, and it's quite formulary, that any of these things may apply. That's what the plea agreement says. But the process under the Nevada statute, under NRS, is to provide the documents and say, this is actually what we're alleging in this case. And it's an issue we've gone round and round about, including at the legislative level. And I don't know why nobody wants to provide notice, but it's a due process issue. It's a federal constitutional issue with regard to providing notice to someone in advance. But you go back and he's resentenced, and before he's resentenced, they produce the notice. They provide the documents, and he gets the same sentence. I mean, I don't quite understand what you're seeking to achieve here. I understand, Your Honor, but I don't think he could have been sentenced that way. I think it's an illegal sentence because it's without notice. And I don't think the habitual enhancement should have applied. So then it starts all over again. He gets to withdraw his guilty plea? I'm not sure that's true. Why can't the enhancement be vacated? Because it was without notice. What do you mean without notice? He was never given – the state never produced notice of the prior convictions, the alleged convictions from Ohio. But is there any doubt about his knowledge of the prior convictions? He was the person convicted. It's not like he's operating in a vacuum. Well, there was a doubt at the time of the sentencing because there were different – actually, different convictions bantered about, 96, 95. There may be doubt with regard to the computation. And he may not have a perfect understanding of exactly what his prior convictions consisted of. But he surely knew of his prior convictions. And it's not unusual for a court to take into account in sentencing under any scheme what the individual's criminal history is. So I'm not sure I understand how there's a due process complaint that they no longer could apply any habitual criminal modification to the sentence. He knew he had a record. He's going to have to live with the consequences of the record. How is that a violation of due process? Well, I agree with you that it's not unusual at all for a court to take into account a prior criminal history in a sentencing scheme. Not at all. But in this case, the Nevada – it's actually a statutory enhancement, much like we would have a statutory enhancement for possession of a gun in a federal criminal case. You have to actually prove it. And it's not just a matter of giving him – in other words, what he pled to was a 1 to 6 sentence on the firearm and then a 1 to 10 on the possession of stolen property. So the court had discretion within those to enhance the sentence. And that's not what the court did. The court added on a statutory habitual offender enhancement, which has to be proven. And there was nothing in the record. There was no advance notice to him that they were seeking to do that. I would absolutely agree with you had the court given him 4 to 10, which would be the most it could have given on the – and given them – and perhaps given them consecutively instead of concurrently, which is what it did here. But in the guilty plea agreement, there's express reference to the 6 to 20. It's not like he's caught by surprise. Right. But there was no proof at the time of sentencing that the state entered into the record and said these are the specific underlying convictions. It's really no different than under Apprendi or other kinds of different arguments. It has to be proven, and it has to be a matter of the record. And what you're saying is under Nevada law, even though he agreed at the time of his sentence – That it may apply. – under the small habitual criminal statute, that they – nonetheless, the state still had to present the state district court with – Correct. – the notice of their going forward and with the underlying documents. The notice and – That just goes back to Judge Pius's earlier question. What could be achieved here? It sounds to me like the most that gets achieved is you go back to the Nevada court and see if the convictions can be proven up. I don't hear anything that says that Nevada can't do that again. I also don't know why we can't vacate the habitual enhancement because it was never proven. Well, they could, but why should they? I mean, if they can prove it up and the only complaint is that the proving up wasn't properly done, then why can't they do it again? I don't have a great answer for that, but I'd like to reserve my last two minutes. It's kind of a detour. I confess. Thank you. Thank you. We'll hear from the warden. May it please the Court. I am a Nevada Deputy Attorney General, Dan Roche, and I represent the respondent at Belize in this matter. I spent a lot of time discussing the merits of the underlying claims. The issue on which a certificate of appealability was granted in this case was simply whether or not we should even consider the claim because it was untimely whether there's equitable tolling to consider the claim that direct appeal counsel should have filed an appeal and raised these claims that we're discussing that lack merit. I guess we get there the same way no matter what. Well, there isn't any doubt, is there, that Petitioner in his pro se filings articulated the fact, or his allegation rather, that his lawyer had told him he had no right to appeal. He stated that for the first time in a state habeas petition filed July 22, 2010. And he filed another affidavit later in support of it which made the same factual allegation. And since there was no appeal, isn't that really the earliest opportunity for him to make that claim? Yeah. I mean, I don't have a problem with that at all. So that claim has been on the table throughout. Sure. The problem with equitable tolling based on that is that the Petitioner is trying to apply a milkshake theory of equitable tolling where you throw all these things in together and you get to the point where the claim is timely. This is a case where a timely habeas petition was filed. It's not even a case normally where we don't have a timely federal habeas petition. This petition was on time. And the claim that direct appeal counsel failed to perfect an appeal wasn't raised until the amended petition was filed later. What about the claim that this was encompassed in the original petition, federal petition? It's uncertified and you guys haven't had a chance to respond to it, but why isn't that something we should pursue? I didn't hear the question. The question is, it's an uncertified question, but one of his claims is that his original federal petition did encompass this claim. And so that his addition of this really should relate back to the original petition date. The language that was used in Maley, depending on what office you're in and how you pronounce that case name, says that in order for a claim in an amended petition to relate back to the original petition, it has to share a common core of operative facts. The two claims have to share a common core of operative facts. The allegation that direct appeal counsel didn't file a claim wasn't included as a claim in the original petition. It was included as a procedural statement at the beginning of the forum petition. So there's no claim for the claim in the amended petition to relate back to the original petition. But there was a claim for ineffective assistance of counsel in the original petition. Not a claim of ineffective assistance of direct appeal counsel for failing to file an appeal. I mean, you can't— He complains about how his counsel—he does raise an IAC claim in his very first pro se federal petition. Yes. He raises several claims. And he does complain about that—in telling the story, he says that he was told he couldn't appeal or he couldn't—he complains that his counsel told him—I have it right here—but that he couldn't challenge or something. Well, and, Your Honor, I don't—I haven't prepared exclusively on this topic, but we have case law in the Ninth Circuit such as Schneider v. McDaniel and other cases that have held that just the claim that trial counsel is ineffective doesn't provide a basis for relation back of any subsequent claim of trial counsel. But his name challenged the—his counsel—his counsel didn't challenge the procedure that was followed at the time. His counsel waived it because the solution would have been—this is the procedural history. Right. He had multiple cases pending. A notice of habitual criminality was filed in another case. It wasn't filed in this case. His defense counsel had been provided with all the judgments of conviction. They got to the sentencing hearing. The judge said, where's the notice? He said—the prosecutor said, well, I thought I had filed it. I guess I didn't file it. I filed it in this other case. Here's all the judgments of conviction. Defense counsel already has them. And defense counsel reasonably said, we'll waive the time for the notice because the solution would have been to postpone sentencing for two weeks, have it filed that day, and sentence him in two weeks. The result would have been the same. Defense counsel was completely reasonable. And as you've discussed previously, the claim itself is completely meritless. So there's no reason for direct appeal counsel to have wanted to appeal or for Petitioner to want to appeal. He's waived and he challenged his— Kennedy, we have lots of appeals from criminal convictions that don't have any merit. That doesn't mean that people don't want to bring them. Not just merit. He has specifically filed a document stating he doesn't wish to challenge his guilty plea agreement because he doesn't want to risk losing the benefit of that agreement. So if now, in 2015, he's not willing to challenge his guilty plea agreement because he still wants the benefit of that agreement, what reason would he have had in 2010 to file a direct appeal and challenge his guilty plea agreement? He wouldn't have had one. And so if you want to apply the Roe v. Flores Ortega about whether appellate counsel was in effect or trial counsel was in effect for failing to perfect an appeal, clearly there would have been no reason for that. Well, that might make a powerful case as to why a court might find that the facts aren't the way that he asserted in this petition. That is that the lawyer told him he couldn't appeal. But I'm not sure exactly what it says to us today with regard to the question Judge relating back. I mean, the facts that his claim, the claim articulated in the amended petition rely upon, that is, that this lawyer told him he couldn't appeal, those are laid out in the original petition. They are. So I guess our basis is the textual thing. Are you familiar with Quinn v. Curry? Of course not, Your Honor. 2013 case of interprets Mailey. Of course we don't, but we don't want to get into that. It's the law and the circuit. No. No, I was just asking if you're familiar, because you didn't prepare, this was an uncertified issue. I'm aware of Quinn v. Curry. You are aware of it. Yes. Okay. Because if you have disputes in your office about how to pronounce Mailey, you probably know, and Quinn doesn't have to at all. I can finally pronounce DiGuglielmo correctly, and that took me years, so. Actually, the Yale Pronouncing Dictionary tells us that Maile is one syllable. Maile? Maile? Okay. Well, okay. Good to know. So you're familiar with Quinn, and Quinn, as I understand it, Quinn v. Curry looks to facts, which just picks up on Judge Clifton's question, when the facts are alleged in the original petition. So he has a, he alleges a fact.  Again, you haven't. Well, I guess, Your Honor. I haven't briefed the issue. The other solution is, let's say that you decide that. You decide that any factual statement anywhere in the original petition can provide a basis for relation back, which is essentially what you'd have to do in this case. Even if that's true in this particular case, the district court judge has already found that that claim is also unexhausted. It wasn't presented to the Nevada Supreme Court in a way. But you've already said that this was presented to state courts, right? The factual allegation was presented in state court the same way it was in federal court. In a preliminary procedural explanation that wasn't a claim for relief in the state court. Well, he makes it a little bit more clearly in the state court. In his state habeas petition, he does raise this claim. I think it was in the affidavit that was filed. But this had a unique procedural route through Nevada as well, because he appealed to the Nevada Supreme Court, and they just affirmed on the record. There was no brief that was filed. Yeah, that's the case. And under Nevada law, all you have to do is file a notice of appeal. So as long as it's before the state district court, and they just affirm on the record. This claim was not presented to the state district court as a claim for relief. It just wasn't. You can't look at the record in this case and say, this is the place where this petitioner presented a claim for relief, told the court, I want relief because my constitutional rights were violated because my direct appeal counsel didn't file a notice of appeal. He never raised that as a claim for relief at any point in the record until the first amended petition filed by counsel in federal court. That's the reason why he's not entitled to any equitable tolling. That's the reason why it's unexhausted. You can't tell me that the Nevada Supreme Court had an adequate opportunity. It was fairly presented to them to consider it on the merits when he never raised it as a claim for relief. So he filed something called affidavit of ineffective assistance of defense counsel, of former defense counsel. Yes, he does. On October 18th. Yes, he does. 2010. Right? October 12th, 2010. Whatever. That's the date that I have. And he says on page 2, line 18, Affiant shows that his attorney's performance was deficient during the imposition of sentencing and fell below the objective standard of reasonableness. And then if you continue on over to page 5, line 13 to 20, lines 13 to 20, he says defense counsel led Affiant to believe that he had no plain speedy and adequate remedy at law that would allow him to challenge his conviction or sentence. Why isn't that? And for a pro se, why isn't that sufficient? That's not a habeas petition. That wasn't filed with this petition. But it was filed in. It's a stray proper person document on file with the district court. The district court, the Nevada Supreme Court, no court is obligated to go search through the record for possible claims. Wait a minute. Wait a minute. Petition was filed in July 22nd. That affidavit was filed October 12th. This says that it was filed district court, Clark County of Nevada, filed October 18th, which was after the petition, but it's still part of the record. Three or four months. It's part of the record. I'm not disputing that it's part of the record. It's not a claim for relief. The state courts under EDPA are not obligated to go search through the record. It's just pointless whining, huh? Well, what is it? It wasn't the focus. It is not a claim for relief. Those are stray statements in that affidavit, too. Those are not. Pointless whining, right? Yeah. Those are not the main points of that affidavit. But the question, really, as it comes down to is, he's got an equitable claim. Could he have raised this in his original petition? And he could have. That's plain and simple. He could have, in his first petition in federal court, said my appeal counsel should have filed a notice of appeal, and he never raised that claim. That's not anyone's fault but his. And for that reason, you should affirm the district court. You saved some time for rebuttal, if I remember. Thank you. Almost a full two minutes. I think there's no reason why we shouldn't make Nevada do it right. And, frankly, it's a procedural morass, this case. The appeal of the habeas is your right, Your Honor, affirmed on the record with no briefing. So the state can't come and argue now that it wasn't perfected on appeal of state habeas. Well, if it wasn't raised in the state trial court, if the claim wasn't presented, and I think the state's argument, granted we're onto an uncertified issue here, and so the state has to be given a better opportunity to speak, but their argument is that the exhaustion failure applies to this element as well. That is, that the fact might have been recited. Indeed, it was. We know it was. But the argument, the claim wasn't presented to the court in a way that the court could have been expected to respond to it. And if it wasn't put to the trial court and there's nothing separate that identifies it to the Supreme Court, has that claim been exhausted? Well, I disagree only in the sense that in the state court proceedings, we're actually much more liberal with construing claims. And there's no dispute that he sets it forth in an affidavit, that he puts it on, counsel's calling it the preliminary questionnaire part of the state habeas petition, but these are the forms that we provide to pro se inmates to make their claims. And he clearly says on both the state and the federal petition that he did not have the benefit of counsel to file the notice of appeal. He asked specifically what the next step was, and that's the explanation that he provides very clearly, I think, in both the state and the federal form, if you will, petitions that were utilized. Now, as a lawyer, certainly I know that that has to be a more sophisticated stated claim, but I don't agree with the state's analysis that it wasn't ever there from the beginning. And the fact that we're hampered, frankly, by the fact that the Nevada Supreme Court just merely didn't request briefing. In fact, the Supreme Court has been lately sending all kinds of things back for appointment of counsel so that things can be properly briefed. For whatever reason in this, they didn't, or this was in 2010, and they're doing it differently in 2014 and 2015. But they affirm on the record, so we have this kind of void where we don't really know what the Nevada Supreme Court considered. In fact, when the state court initially issued its order denying the state habeas petition, it's without any findings of fact or conclusion of law, and then they remedy that. But there's no dispute that he says, I didn't have the benefit of counsel. I didn't have counsel to help me with the direct appeal. And I think if nothing else, Nevada needs to get it right. Nevada needs to go through the process, do it properly, so that we don't end up in these situations in federal court with these kinds of procedural, chaotic claims of trying to figure out what happened when. And for that reason, you should send it back. Thank you.
judges: Kozinski, Paez, Clifton